**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Angela Schultz, SBN 033478
aschultz@cavanaghlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JERRY D. MUIR, | Case No.: |
| Plaintiff, | **PETITION FOR REMOVAL** |
| v. | |
| SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Safeco Insurance Company of America ("Defendant" or "Safeco"), by and through counsel undersigned, respectfully files this Petition for Removal and Notice of Removal of *Jerry D. Muir v. Safeco Insurance Company of America*, Navajo County Superior Court Case No. CV201700280, from the Superior Court of the State of Arizona, Navajo County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1.    A civil action seeking to recover money damages has been commenced by Plaintiff Jerry D. Muir and is now pending in the Navajo County Superior Court in and for

1  the State of Arizona, captioned *Jerry D. Muir v. Safeco Insurance Company of America*,

2  Navajo County Superior Court Case No. CV 201700280 ("the State Action").

3      2.    Prior to filing the State Action, Plaintiff issued a demand to Defendant for

4  $85,000. A true and correct copy of the demand is attached hereto as Exhibit "A" and

5  incorporated herein by reference.

6      3.    Plaintiff's Complaint was filed on May 25, 2017.  A true and correct copy of

7  the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "B" and

8  incorporated herein by reference. In the Complaint, Plaintiff also seeks compensation for

9  Plaintiff's costs incurred in the State Action.

10      4.    The Complaint was served upon Liberty Mutual Insurance Company on June

11  21, 2017. The Notice of Service of Process indicated that the Complaint was also served

12  upon Safeco Insurance Company of America on June 22, 2017, and is attached hereto as

13  Exhibit "C." A true and correct copy of the Summons is attached hereto as Exhibit "D." A

14  true and correct copy of the Certificate of Compulsory arbitration is attached hereto as

15  Exhibit "E." To date, Defendant is not aware of any other pleadings filed in the State Action.

16      5.    Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits B through E are true

17  and correct copies of all documents filed in the State Action.

18      6.    Upon information and belief, Plaintiff Jerry D. Muir, at all material times in

19  this lawsuit, was a resident of the State of Arizona.

20      7.    Defendant is a corporation organized under the laws of the state of New

21  Hampshire with its principal place of business located in Boston, Massachusetts.

22      8.    Upon information and belief, as of May 27, 2015 Plaintiff was the insured

23  under a policy of Automobile Liability Insurance in which Defendant was the insurer, which

24  insurance policy covered Plaintiff's 2005 Cadillac license number AWW8032 ("Insured

25  Vehicle") and which insurance policy included underinsured motorist coverage (the "Subject

26  Policy").

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1    9.    In this action, Plaintiff seeks to recover monetary damages he claims are due
2    and owing pursuant to the Subject Policy benefits under the underinsured motorist coverage
3    of the policy issued by Defendant as a result of Defendant's alleged breach of the insurance
4    contract and for first party bad faith. *See* Exhibit B. at ¶¶ 12-14.    According to the
5    Complaint, Plaintiff sustained injuries as a result of a motor vehicle accident that occurred on
6    or about May 27, 2015 when he was rear-ended by an underinsured driver. *Id.* At ¶ 4.
7    Plaintiff claims that he has suffered or incurred, and believes that he will in the future suffer
8    or incur, the following damages: Property loss; Personal injury; Past medical expenses;
9    Future medical expenses; Past loss of wages or earnings; Past pain, suffering, loss of
10   pleasure and other general damages; Future pain, suffering, loss of pleasure and other
11   general damages; Loss of earning capacity and permanent injury. *Id.* at ¶ 6.   Plaintiff alleges
12   that the negligent acts and or omissions of the underinsured motorist who hit him amounted
13   to a reckless disregard for the interests of the Plaintiff; that said reckless and gross negligent
14   acts and/or omissions resulted in the injuries and damage to Plaintiff as alleged in the
15   Complaint, and that Plaintiff is therefore entitled to punitive damages. *Id.* at ¶ 8.    Plaintiff
16   alleges that the policy limits of the negligent underinsured motorist's automobile liability
17   insurance policy, which was paid to Plaintiff in the amount of $15,000, did not fully
18   compensate Plaintiff for damages caused by the accident. *Id.* at ¶ 9.   Plaintiff also alleges that
19   he requested a copy of the subject insurance policy from defendant but has not been
20   provided with a copy of the policy, and therefore Defendant is estopped from claiming
21   Plaintiff failed to comply with claims procedures. *Id.* at ¶¶ 10 & 14.

22   10.    Plaintiff is also seeking punitive damages and costs Plaintiff incurs in this
23   action. *Id.* at ¶¶ 8, 12, 14.

24   11.    Plaintiff seeks judgment against the Defendant for compensatory damages in
25   an amount of $85,000. *See* Exhibit A.

26

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

12. Furthermore, Plaintiff's counsel certified that the case is not subject to compulsory arbitration, meaning that he views the case as having a value in excess of $50,000. *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied); *see also* Exhibit E.

13. Based on the foregoing, Plaintiff's claimed compensatory damages exceed $75,000, the minimum amount for jurisdiction in this Court.

14. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

15. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

16. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

17. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the superior Court of the State of Arizona, Maricopa County.

18. Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

4

1    for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal

2    Rules of Civil Procedure.

3               DATED this 14th day of July, 2017.

4

5                                        THE CAVANAGH LAW FIRM, P.A.

6                              By: _____/s/___Scott A. Salmon___
                                       Scott A. Salmon
7                                      Angela Schultz
                                       Attorneys for Defendant
8
     ELECTRONICALLY FILED with the Clerk
9    Of the Court this 14th day of July, 2017.

10   COPY mailed this same date to:

11   G. Terris Porter
     The Porter Law Offices, P.C.
12   P.O. Box 763
     Lakeside, AZ 85929
13   Attorneys for Plaintiff

14        /s/DAF_____

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

 **The Porter Law Offices, P.C.**

P.O. Box 763, Lakeside, Arizona 85929
*G. Terris Porter, Attorney*

Telephone 928-242-1098
*E-mail porterlaw@frontiernet.net*

September 24, 2016

Ms. Robin Smith
Safeco Insurance Company
P.O. Box 515097
Los Angeles, CA 90051

3 84

RE: Our Client/Your Insured: Jerry Muir
UIM Claim No.: 404263495002

Dear Ms. Smith:

We provide the following demand in an attempt to settle Mr. Muir's underinsured motorist claim.

### LIABILITY

On May 27, 2015 at approximately 5:14 p.m., Mr. Jerry Don Muir ("Don") was on State Route 77 approaching the intersection with Highway 70 in Globe, Arizona. Starr Oliver ("Oliver") while intoxicated crashed into the back of Don's vehicle (as well as a third party's vehicle) and then left the scene of the accident. Oliver's vehicle was found shortly thereafter several blocks away near a local school. Oliver had parked the car in the middle of the road. A witness saw Oliver running away. She appeared injured and intoxicated. As the investigating officers gained control over Oliver, they noticed open bottles of liquor inside the vehicle. The owner of the vehicle, Jeffrey Johnson, was contacted by the investigating officers. Oliver was charged with DUI and Extreme DUI under A.R.S. 28-1381 and 28-1382. The force of the crash clearly caused considerable damage to Don's vehicle. The Accident Report as well as photographs are attached as an Exhibit.

Civil liability is both clear and aggravated in this matter.

## PROPERTY DAMAGE

The enclosed estimates show that Don's vehicle sustained property damage in the amount of $2,726.73. Receipts show that Don paid these damages and should be reimbursed for such. The estimate and receipts are attached as an Exhibit.

## INJURIES

Don's initial injuries to his neck, back and his headaches have persisted. Don has also had symptoms which include, difficulty sleeping, difficulty driving due to his limited ability to turn his neck, anxiety when he drives, limited range of motion in his neck and back, numbness and tingling traveling down his arms and into his hands, trembling in his arms and hands, left elbow stiffness and pain and severe headaches.

## MEDICAL TREATMENT

Don immediately sought care with his chiropractor, Dr. Winslow McNeill, at White Mountain Regional Medical Center. He was diagnosed with "nonallopathic lesion of the cervical region." He continued care with Dr. McNeill through February, 2016. Dr. McNeill's records are attached as an Exhibit.

Don went to his primary care physician, Dr. Sean Wilson. Due to Don's constant neck and back pain, Dr. Wilson ordered MRIs of Don's cervical, thoracic and lumbar spine. Don was referred to both physical therapy and to Dr. John Ledington.

Don received conservative care, including the continued chiropractic care and physical therapy at White Mountain Regional Medical Center for his continued neck and back pain and for treatment of his constant headaches. White Mountain Regional Medical Center's records and the physical therapy records are attached as an Exhibits.

Don had several appointments and consultations with Dr. John Ledington in September and October, 2015. It was obvious to Dr. Ledington that Don exhibited signs of discomfort and pain. Dr. Ledington's impressions were: Persistent cervical pain with only temporary relief with physical therapy; cervical facet arthropathy, cervical degenerative disk disease; and cervical regional myofasciitis. Dr. Ledington recommended medial branch blocks. Don felt, however, that the risks outweighed the uncertain chance of a positive outcome. Dr. Ledington's records are attached as an Exhibit.

Don is currently 68-years-old with a life expectancy of

15.61 years. Based on his experience over the last year and a half, it is reasonable to conclude that he will suffer pain and symptoms from his injuries requiring pain medication, physical therapy and chiropractic care which will cause interference with his quality of life for his life expectancy.

### DAMAGES

At a trial of this matter, Don would be entitled to Recommended Jury Instruction "Personal Injury Damages #1" instructing the Jury to compensate him for each of the following elements:

1. The nature and extent of injury
2. Duration of the injury
3. Past pain and discomfort
4. Past suffering
5. Past disability
6. Future pain, suffering and discomfort
7. Reasonable expenses for necessary medical care, treatment and related services in the past
8. Future medical expenses

### NATURE, EXTENT AND DURATION OF INJURIES

We will be able to point out to the Jury that the injury itself is a separate item of damage with its nature, extent and duration to be considered in determining a dollar figure to compensate Don. Don has suffered symptoms of neck pain, back pain, limited range of motion in his neck and back, numbness and tingling traveling down his arms and into his hands, trembling in his arms and hands, left elbow stiffness and pain and severe headaches. He still has anxiety getting behind the wheel of a vehicle. Don still takes over-the-counter medications on a daily basis.

### PHYSICAL PAIN AND SUFFERING

Under Arizona Recommended Jury Instruction 10-A, Pain and Suffering is a separate item of damage from the Nature, Extent and Duration of the injuries.

Don continues to suffer from the above-described symptoms on a daily basis.

### EXPENSES FOR PAST MEDICAL CARE, TREATMENT AND SERVICES

Don has incurred medical care costs in the amount of $11,318.50. His medical bills are attached as an Exhibit.

| White Mountain Regional | $ 7,403.48 |
| White Mountain Regional (Physical Therapy) | $ 1,417.02 |
| White Mountain Regional (Chiropractor) | $ 2,040.00 |
| Northern Arizona Orthopedics | $   458.00 |
| Total | $11,318.50 |

## FUTURE PAIN, SUFFERING AND MEDICAL EXPENSE

It is reasonably probable that Don will continue to suffer occasional pain and incur at least the expense of over-the-counter pain medications and physical therapy/chiropractic care for the duration of his 15.61 year life expectancy.

## PAST DISABILITY

Don suffered a significant diminution in his ability to perform every day activities.  Don loved to walk, visit friends and family, and he loved traveling. He has been severely limited in enjoying these activities. This accident has had a significant negative impact on Don's quality of life.

## CONCLUSION

The value of this claim is enhanced because of the aggravated nature of the underinsured motorist's negligence. The adverse driver not only drove while intoxicated, but then left the scene of the accident. She was charged with both DUI and Extreme DUI.  Even though UIM coverage excludes punitive damages, it includes the fair value of Don's claim for compensatory damages and that value will be enhanced in juror's minds by the aggravated nature of the underinsured motorist's negligence.

Policy limits in the amount of $15,000.00 were obtained from the adverse driver's insurance company. Verification of his policy limits are attached.

Don is willing to settle his underinsured motorist claim for $85000.00.

Please review this entire brochure and advise whether the

matter can be resolved on that basis. Thank you very much.

Yours very truly,

THE PORTER LAW OFFICES, P.C.

G. Terris Porter
For the firm

GTP
Encls.

































# EXHIBIT B

1   The *PORTER LAW OFFICES, P.C.*
     P.O. Box 763
2    Lakeside, Arizona 85929
     Telephone: 928-242-1098
3    *porterlaw@frontiernet.net*

4   G. TERRIS PORTER - #0039493
    *Attorney for*
5            Plaintiff

CONFORMED
COPY OF ORIGINAL FILING

MAY 2 5 2017

NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF NAVAJO

10                                  )
11  JERRY D.MUIR                    )   Case No. CV2017020280
               Plaintiff,          )
12                                  )
13      vs.                         )   COMPLAINT
                                    )   Breach of Contract
14  SAFECO INSURANCE COMPANY        )
    OF AMERICA                      )
15              Defendant.          )
16  _____)

17

18          Plaintiff Jerry D. Muir for his cause of action against

19  Defendant  Safeco  Insurance  Company  of  America  ('Defendant')

20  complains and alleges:

21          ALLEGATIONS APPLICABLE TO ALL COUNTS

22          1. Plaintiff is an individual resident of Navajo County

23  Arizona.

24          2. Plaintiff is informed and believes and therefore

25  alleges  that  Defendant  Safeco  Insurance  Company  of  America

26

27                                  1
28

('Defendant') is a Corporation / Insurance Company doing business in Arizona.

3. The Insurance contract out of which the causes of action alleged herein was entered into and was for performance in Navajo county, Arizona. The Motor vehicle collision giving rise to the causes of action herein alleged occurred in Arizona.

4. As of May 27, 2015 Plaintiff was the insured under a policy of Automobile liability Insurance in which Defendant was Insurer, which insurance policy covered Plaintiff's 2005 Cadillac Licence# AWW8032 ('insured vehicle') and which insurance policy included underinsured motorist coverage. ('the subject insurance policy')

4. On or about May 27, 2015 Plaintiff was driving his insured vehicle when an underinsured motorist crashed into Plaintiff's insured vehicle.

5. In connection with the occurrence alleged in the foregoing paragraph The underinsured motorist committed negligent acts or made negligent omissions, including, without limitation, crashing into the rear of Plaintiff's vehicle while driving under the influence of alcohol and/or drugs in violation of A.R.S. sec. 28-1381.

6. As a proximate result of the negligent acts and/or

2

omissions of the underinsured motorist as above alleged, Plaintiff suffered or incurred and is informed and believes, and therefore alleges that he will in the future suffer or incur the following damages:   Property loss; Personal injury; Past medical expenses; Future medical expenses; Past loss of wages or earnings; Past pain, suffering, loss of pleasure and other general damages; Future pain, suffering, loss of pleasure and other general damages; Loss of earning capacity and Permanent injury

7. The amount of the above alleged damages is as will be shown by the evidence, but in excess of the policy limits of the underinsured motorist plus the arbitration threshhold of this court exclusive of interest and costs.

8. Plaintiff is informed and believes and therefore alleges that the negligent acts and or omissions of the underinsured motorist, above alleged, amounted to a reckless disregard for the interests of others and particularly the interests of Plaintiff; that said reckless and gross negligent acts and/or omissions resulted in the injuries and damage to Plaintiff as alleged in this complaint and that Plaintiff was therefore entitled to punitive damages.

9.    The policy limits of the negligent underinsured motorist's automobile liability insurance policy ($15,000.00) ('the

3

underinsured motorist's liability coverage') was paid to Plaintiff but that payment did not fully compensate Plaintiff for damages which the uninsured motorist had caused him and for which she was liable and which Defendant had agreed to pay under the underinsured motorist provisions of the subject insurance policy.

10.    Plaintiff made claim against Defendant for underinsured motorist benefits under the subject insurance policy and asked defendant for a copy of the subject insurance policy but has not been provided with a copy of the policy and has not been paid for the amount of his damages which exceeds the policy limits of the underinsured motorist's auto liability insurance coverage.

11.    Plaintiff is entitled to payment from Defendant under the terms of the subject insurance policy for the damages he has suffered in excess of the policy limits of the underinsured motorist's liability insurance ('the underinsured motorist insurance entitlement').

Count I - Breach of Contract

12. Plaintiff re-alleges the allegations of paragraphs 1 - 11 above.

WHEREFORE:    Plaintiff requests judgement against Defendant as follows:

A.  For compensatory damages in an amount just and

4

reasonable in light of the evidence, but in excess of the arbitration threshold of this court exclusive of interest and costs to compensate Plaintiff for the damages incurred or suffered by him, the reasonable compensation for which is in excess of the underinsured motorist's liability coverage.

B. For Plaintiff's costs incurred in this action; and

C. For such other and further relief as the court deems just and proper.

Count II - First Party Bad Faith

13. Plaintiff re-alleges the allegations of paragraphs 1-11 above.

14. Defendant is estopped from claiming any failure to comply with claims procedures which Plaintiff could have complied with if he had been able to obtain a copy of the subject insurance policy.

WHEREFORE: Plaintiff requests judgement against Defendant as follows:

A. For compensatory damages in an amount just and reasonable in light of the evidence, but in excess of the arbitration threshold of this court exclusive of interest and costs to compensate Plaintiff for the damages incurred or suffered by him, the reasonable compensation for which is in excess of the

5

1  underinsured motorist's liability coverage.

2         B. For Plaintiff's costs incurred in this action; and

3         C. For such other and further relief as the court deems

4  just and proper.

5

6         Dated: May 25, 2017.

7                              THE PORTER LAW OFFICES, P.C.

8

9

10        by _____
          G. Terris Porter

11        P.O. Box 763
          Lakeside, Arizona 85929

12        Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                      6

# EXHIBIT C



## Notice of Service of Process

null / ALL
**Transmittal Number: 16793400**
**Date Processed: 06/22/2017**

| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
|---|---|

| Entity: | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
|---|---|
| Entity Served: | Safeco Insurance Company of America |
| Title of Action: | Jerry D. Muir vs. Safeco Insurance Company of America |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Navajo County Superior Court, Arizona |
| Case/Reference No: | CV201700280 |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 06/22/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Liberty Mutual on 06/21/2017 |
| How Served: | Client Direct |
| Sender Information: | G. Terris Porter<br>928-242-1098 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT D

1  The *PORTER LAW OFFICES, P.C.*
   P.O. Box 763
2  Lakeside, Arizona 85929
   Telephone: 928-242-1098
3  porterlaw@frontiernet.net

4  G. TERRIS PORTER - #0039493
   *Attorney for*
5                              Plaintiff

# H.O. LEGAL

JUN 21 2017

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

6  ──────────────────

7

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF NAVAJO

10 JERRY D. MUIR                    )
                                    )   Case No. CV2017 0383
11              Plaintiff,          )
                                    )
12     vs.                          )
                                    )
13 SAFECO INSURANCE COMPANY         )
   OF AMERICA                       )
14                                  )
                Defendant.          )
15 ──────────────────────────────)

16

17                        SUMMONS

18 THE STATE OF ARIZONA TO:

19     SAFECO INSURANCE COMPANY OF AMERICA ,

20     YOU ARE HEREBY SUMMONED and required to appear and defend within the

21

22 time applicable, in this action and this Court.  If served within Arizona, you shall appear and

23 defend within twenty (20) days after the service of the Summons and Complaint or Petition upon

24 you, exclusive of the day of service.  If served outside Arizona - whether by direct service, by

25 registered or certified mail, or by publication - you shall appear and defend within thirty (30) days

26

27

28

1  after the service of the Summons and Complaint or Petition upon you is complete, exclusive of

2  the day of service.

3

4      YOU ARE HEREBY NOTIFIED that if you fail to appear and defend within the

5  time applicable, judgment by default may be rendered against you for the relief demanded in the

6  Complaint or Petition.

7      YOU ARE CAUTIONED that in order to appear and defend, you must file an

8  Answer or Response in writing with the Clerk of this Court, accompanied by the necessary filing

9  fee, within the time required, and you are required to serve a copy of any Answer or Response

10  upon the Attorney for Plaintiff or Petitioner.

11

12      The name and address of the attorney for the Plaintiff or Petitioner is:

13                      G. TERRIS PORTER
                    THE PORTER LAW OFFICES P.C.
14                          P.O. Box 763
                    LAKESIDE, ARIZONA 85929
15

16      REQUESTS FOR REASONABLE ACCOMMODATIONS FOR PERSONS WITH

17  DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST 3 WORKING

18  DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

19      SIGNED AND SEALED THIS DATE MAY 25 2017

20

21

22                          DEANNE M. ROMO

23                      Clerk

24      By: _____
                      Deputy Clerk
25

26

27

28

# EXHIBIT E

1. *The PORTER LAW OFFICES, P.C.*
   P.O. Box 763
2. Lakeside, Arizona 85929
   Telephone: 928-242-1098
3. *porterlaw@frontiernet.net*
4. G. TERRIS PORTER - #0039493
   *Attorney for*          Plaintiff

CONFORMED
COPY OF ORIGINAL FILING

MAY 2 5 2017

NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

7. IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8. IN AND FOR THE COUNTY OF NAVAJO

9. JERRY D. MUIR                    )
10.                                 )    Case No. CV2017D0960
                      Plaintiff,    )
11.                                 )
         vs.                        )
12.                                 )
13. SAFECO INSURANCE COMPANY        )
    OF AMERICA                      )
14.                   Defendant.    )
15.                                 )

16. ## CERTIFICATE REGARDING ARBITRATION

17.    The undersigned certifies that the largest award sought by the Plaintiff Jerry D. Muir in the

18. above-captioned action, including punitive damages but excluding interest, attorney's fees and costs,

19. does exceed the limits set by the local rule for compulsory arbitration of the above-captioned County.

20. This case is not subject to the Uniform Rules of Procedure for Arbitration.

21. Dated this 25 day of May, 2017.

24.                          THE PORTER LAW OFFICES, P.C.

25.                     By: _____
                             G. Terris Porter
26.                          P.O. Box 763
                             Lakeside, AZ 85929
27.                          (928) 242-1098