**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Angela Schultz, SBN 033478
aschultz@cavanaghlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JERRY D. MUIR,<br><br>                              Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF<br>AMERICA, a New Hampshire corporation,<br><br>                              Defendant. | No. _____<br><br>**NOTICE TO PLAINTIFF** |

**TO:  G. Terris Porter**
**THE PORTER LAW OFFICES, P.C.**
**P.O. Box 763**
**Lakeside, AZ  85929**
**Attorney for Plaintiff**

Please take notice that Defendant, Safeco Insurance Company of America, has filed a Petition and Notice in the United States District Court in and for the District of Arizona for removal of an action now pending in the Superior Court of Navajo County, Arizona, captioned *Jerry D. Muir v. Safeco Insurance Company of America*, Maricopa County Superior Court Case No. CV201700280.

1        A copy of said Petition for Removal and Notice of Removal is attached to this

2    Notice and is hereby served upon you.

3            DATED this 14th day of July, 2017.

4

5                THE CAVANAGH LAW FIRM, P.A.

6             By: _____ /s/   Scott A. Salmon
              Scott A. Salmon
              Angela Schultz
7                  Attorneys for Defendant

8    ELECTRONICALLY FILED with the Clerk
   of the Court this 14th day of July, 2017.
9

   COPY mailed this same date to:
10

11    G. Terris Porter
   The Porter Law Offices, P.C.
   P.O. Box 763
12    Lakeside, AZ 85929
   Attorneys for Plaintiff
13

14       /s/DAF

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1

2   **THE CAVANAGH LAW FIRM**
    A Professional Association

3   1850 NORTH CENTRAL AVENUE
    SUITE 2400
4   PHOENIX, ARIZONA 85004-4527
    (602) 322-4000

5

6   Scott A. Salmon, SBN 006443
    ssalmon@cavanaghlaw.com
7   Angela Schultz, SBN 033478
    aschultz@cavanaghlaw.com
8   Attorneys for Defendant

9
    IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
10
    IN AND FOR THE COUNTY OF NAVAJO
11

12  JERRY D. MUIR,                              Case No.: CV201700280

13                            Plaintiff,        **WRITTEN NOTICE OF REMOVAL**

14  v.

15  SAFECO INSURANCE COMPANY OF
    AMERICA, a New Hampshire corporation,
16
17                            Defendant.

18
        A Written Notice of Removal is hereby made upon the Court Clerk, Superior Court
19
    of Navajo County, Arizona, verifying that a Notice of Removal of Case No. CV201700280
20
    was filed in the United States District Court in and for the District of Arizona, a copy of
21
    which is attached hereto as Exhibit "A."  A copy of this Written Notice of Removal was
22
    served on Plaintiff this same date.
23

24

25

26

1  DATED this 14th day of July, 2017.

2

3                    THE CAVANAGH LAW FIRM, P.A.

4                    By: _____

5                        Scott C. Salmon
                         Angela Schultz
                         Attorneys for Defendant

6

7  ORIGINAL MAILED TO BE FILED with the Clerk
   Of the Court this 14th day of July, 2017.

8  COPY mailed this same date to:

9
   G. Terris Porter
10 The Porter Law Offices, P.C.
   P.O. Box 763
11 Lakeside, AZ 85929
   Attorneys for Plaintiff
12
        /s/DAF
13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

# EXHIBIT A

1

2    **THE CAVANAGH LAW FIRM**
     A Professional Association

3    **1850 NORTH CENTRAL AVENUE**
     **SUITE 2400**
4    **PHOENIX, ARIZONA 85004-4527**
     **(602) 322-4000**

5

6    Scott A. Salmon, SBN 006443
     ssalmon@cavanaghlaw.com
7    Angela Schultz, SBN 033478
     aschultz@cavanaghlaw.com
8    Attorneys for Defendant

9              IN THE UNITED STATES DISTRICT COURT

10             IN AND FOR THE DISTRICT OF ARIZONA

11   JERRY D. MUIR,                           Case No.:

12                          Plaintiff,        **PETITION FOR REMOVAL**

13   v.

14   SAFECO INSURANCE COMPANY OF
15   AMERICA, a New Hampshire corporation,

16                          Defendant.

17

18
          Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Safeco Insurance Company of
19
     America ("Defendant" or "Safeco"), by and through counsel undersigned, respectfully files
20
     this Petition for Removal and Notice of Removal of *Jerry D. Muir v. Safeco Insurance*
21
     *Company of America*, Navajo County Superior Court Case No. CV201700280, from the
22
     Superior Court of the State of Arizona, Navajo County, to the United States District Court
23
     for the District of Arizona, and in support thereof says as follows:
24
          1.    A civil action seeking to recover money damages has been commenced by
25
     Plaintiff Jerry D. Muir and is now pending in the Navajo County Superior Court in and for
26

1    the State of Arizona, captioned *Jerry D. Muir v. Safeco Insurance Company of America*,

2    Navajo County Superior Court Case No. CV 201700280 ("the State Action").

3         2.     Prior to filing the State Action, Plaintiff issued a demand to Defendant for

4    $85,000. A true and correct copy of the demand is attached hereto as Exhibit "A" and

5    incorporated herein by reference.

6         3.     Plaintiff's Complaint was filed on May 25, 2017. A true and correct copy of

7    the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "B" and

8    incorporated herein by reference. In the Complaint, Plaintiff also seeks compensation for

9    Plaintiff's costs incurred in the State Action.

10         4.     The Complaint was served upon Liberty Mutual Insurance Company on June

11    21, 2017. The Notice of Service of Process indicated that the Complaint was also served

12    upon Safeco Insurance Company of America on June 22, 2017, and is attached hereto as

13    Exhibit "C." A true and correct copy of the Summons is attached hereto as Exhibit "D." A

14    true and correct copy of the Certificate of Compulsory arbitration is attached hereto as

15    Exhibit "E." To date, Defendant is not aware of any other pleadings filed in the State Action.

16         5.     Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits B through E are true

17    and correct copies of all documents filed in the State Action.

18         6.     Upon information and belief, Plaintiff Jerry D. Muir, at all material times in

19    this lawsuit, was a resident of the State of Arizona.

20         7.     Defendant is a corporation organized under the laws of the state of New

21    Hampshire with its principal place of business located in Boston, Massachusetts.

22         8.     Upon information and belief, as of May 27, 2015 Plaintiff was the insured

23    under a policy of Automobile Liability Insurance in which Defendant was the insurer, which

24    insurance policy covered Plaintiff's 2005 Cadillac license number AWW8032 ("Insured

25    Vehicle") and which insurance policy included underinsured motorist coverage (the "Subject

26    Policy").

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

2

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

9.     In this action, Plaintiff seeks to recover monetary damages he claims are due and owing pursuant to the Subject Policy benefits under the underinsured motorist coverage of the policy issued by Defendant as a result of Defendant's alleged breach of the insurance contract and for first party bad faith. *See* Exhibit B. at ¶¶ 12-14.   According to the Complaint, Plaintiff sustained injuries as a result of a motor vehicle accident that occurred on or about May 27, 2015 when he was rear-ended by an underinsured driver. *Id.* At ¶ 4. Plaintiff claims that he has suffered or incurred, and believes that he will in the future suffer or incur, the following damages: Property loss; Personal injury; Past medical expenses; Future medical expenses; Past loss of wages or earnings; Past pain, suffering, loss of pleasure and other general damages; Future pain, suffering, loss of pleasure and other general damages; Loss of earning capacity and permanent injury. *Id.* at ¶ 6.  Plaintiff alleges that the negligent acts and or omissions of the underinsured motorist who hit him amounted to a reckless disregard for the interests of the Plaintiff; that said reckless and gross negligent acts and/or omissions resulted in the injuries and damage to Plaintiff as alleged in the Complaint, and that Plaintiff is therefore entitled to punitive damages. *Id.* at ¶ 8.  Plaintiff alleges that the policy limits of the negligent underinsured motorist's automobile liability insurance policy, which was paid to Plaintiff in the amount of $15,000, did not fully compensate Plaintiff for damages caused by the accident. *Id.* at ¶ 9.  Plaintiff also alleges that he requested a copy of the subject insurance policy from defendant but has not been provided with a copy of the policy, and therefore Defendant is estopped from claiming Plaintiff failed to comply with claims procedures. *Id.* at ¶¶ 10 & 14.

10.     Plaintiff is also seeking punitive damages and costs Plaintiff incurs in this action. *Id.* at ¶¶ 8, 12, 14.

11.     Plaintiff seeks judgment against the Defendant for compensatory damages in an amount of $85,000. *See* Exhibit A.

3

12.     Furthermore, Plaintiff's counsel certified that the case is not subject to compulsory arbitration, meaning that he views the case as having a value in excess of $50,000. *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied); *see also* Exhibit E.

13.     Based on the foregoing, Plaintiff's claimed compensatory damages exceed $75,000, the minimum amount for jurisdiction in this Court.

14.     Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

15.     There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

16.     This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

17.     Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the superior Court of the State of Arizona, Maricopa County.

18.     Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona

4

1   for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal

2   Rules of Civil Procedure.

3             DATED this 14th day of July, 2017.

4

5                                THE CAVANAGH LAW FIRM, P.A.

6                          By: _____/s/___Scott A. Salmon
                                  Scott A. Salmon
7                                 Angela Schultz
                                  Attorneys for Defendant

8

9   ELECTRONICALLY FILED with the Clerk
    Of the Court this 14th day of July, 2017.

10  COPY mailed this same date to:

11  G. Terris Porter
    The Porter Law Offices, P.C.
12  P.O. Box 763
    Lakeside, AZ 85929
13  Attorneys for Plaintiff

14      ___/s/DAF_____

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

# EXHIBIT A

DCN: 0820161216321860149278010  Received Date:12/16/2016

 **_The Porter Law Offices, P.C._**

P.O. Box 763, Lakeside, Arizona 85929                    Telephone 928-242-1098
*G. Terris Porter, Attorney*                             *E-mail porterlaw@frontiernet.net*

September 24, 2016

Ms. Robin Smith
Safeco Insurance Company
P.O. Box 515097                                                    $3\cancel{8}4$
Los Angeles, CA 90051

        RE:  Our Client/Your Insured: Jerry Muir
             UIM Claim No.: 404263495002

Dear Ms. Smith:

        We provide the following demand in an attempt to settle Mr.
Muir's underinsured motorist claim.

### LIABILITY

        On May 27, 2015 at approximately 5:14 p.m., Mr. Jerry Don
Muir ("Don") was on State Route 77 approaching the intersection
with Highway 70 in Globe, Arizona. Starr Oliver ("Oliver") while
intoxicated crashed into the back of Don's vehicle (as well as a
third party's vehicle) and then left the scene of the accident.
Oliver's vehicle was found shortly thereafter several blocks away
near a local school. Oliver had parked the car in the middle of
the road.  A witness saw Oliver running away. She appeared
injured and intoxicated. As the investigating officers gained
control over Oliver, they noticed open bottles of liquor inside
the vehicle. The owner of the vehicle, Jeffrey Johnson, was
contacted by the investigating officers. Oliver was charged with
DUI and Extreme DUI under A.R.S. 28-1381 and 28-1382. The force
of the crash clearly caused considerable damage to Don's vehicle.
The Accident Report as well as photographs are attached as an
Exhibit.

        Civil liability is both clear and aggravated in this matter.

DCN:.08201612163218601492780100   Received Date:12/16/2016

## PROPERTY DAMAGE

The enclosed estimates show that Don's vehicle sustained property damage in the amount of $2,726.73. Receipts show that Don paid these damages and should be reimbursed for such. The estimate and receipts are attached as an Exhibit.

## INJURIES

Don's initial injuries to his neck, back and his headaches have persisted. Don has also had symptoms which include, difficulty sleeping, difficulty driving due to his limited ability to turn his neck, anxiety when he drives, limited range of motion in his neck and back, numbness and tingling traveling down his arms and into his hands, trembling in his arms and hands, left elbow stiffness and pain and severe headaches.

## MEDICAL TREATMENT

Don immediately sought care with his chiropractor, Dr. Winslow McNeill, at White Mountain Regional Medical Center. He was diagnosed with "nonallopathic lesion of the cervical region." He continued care with Dr. McNeill through February, 2016. Dr. McNeill's records are attached as an Exhibit.

Don went to his primary care physician, Dr. Sean Wilson. Due to Don's constant neck and back pain, Dr. Wilson ordered MRIs of Don's cervical, thoracic and lumbar spine. Don was referred to both physical therapy and to Dr. John Ledington.

Don received conservative care, including the continued chiropractic care and physical therapy at White Mountain Regional Medical Center for his continued neck and back pain and for treatment of his constant headaches. White Mountain Regional Medical Center's records and the physical therapy records are attached as an Exhibits.

Don had several appointments and consultations with Dr. John Ledington in September and October, 2015. It was obvious to Dr. Ledington that Don exhibited signs of discomfort and pain. Dr. Ledington's impressions were: Persistent cervical pain with only temporary relief with physical therapy; cervical facet arthropathy; cervical degenerative disk disease; and cervical regional myofasciitis. Dr. Ledington recommended medial branch blocks.  Don felt, however, that the risks outweighed the uncertain chance of a positive outcome. Dr. Ledington's records are attached as an Exhibit.

Don is currently 68-years-old with a life expectancy of

Case 3:17-cv-08134-JJT Document 1-1 Filed 07/14/17 Page 14 of 46

DCN: 08201612163218601492780100    Received Date:12/16/2016

15.61 years. Based on his experience over the last year and a
half, it is reasonable to conclude that he will suffer pain and
symptoms from his injuries requiring pain medication, physical
therapy and chiropractic care which will cause interference with
his quality of life for his life expectancy.

## DAMAGES

At a trial of this matter, Don would be entitled to
Recommended Jury Instruction "Personal Injury Damages #1"
instructing the Jury to compensate him for each of the following
elements:

1.    The nature and extent of injury
2.    Duration of the injury
3.    Past pain and discomfort
4.    Past suffering
5.    Past disability
6.    Future pain, suffering and discomfort
7.    Reasonable expenses for necessary medical care,
      treatment and related services in the past
8.    Future medical expenses

## NATURE, EXTENT AND DURATION OF INJURIES

We will be able to point out to the Jury that the injury
itself is a separate item of damage with its nature, extent and
duration to be considered in determining a dollar figure to
compensate Don. Don has suffered symptoms of neck pain, back
pain, limited range of motion in his neck and back, numbness and
tingling traveling down his arms and into his hands, trembling in
his arms and hands, left elbow stiffness and pain and severe
headaches. He still has anxiety getting behind the wheel of a
vehicle. Don still takes over-the-counter medications on a daily
basis.

## PHYSICAL PAIN AND SUFFERING

Under Arizona Recommended Jury Instruction 10-A, Pain and
Suffering is a separate item of damage from the Nature, Extent
and Duration of the injuries.

Don continues to suffer from the above-described symptoms on
a daily basis.

## EXPENSES FOR PAST MEDICAL CARE,
## TREATMENT AND SERVICES

Don has incurred medical care costs in the amount of
$11,318.50. His medical bills are attached as an Exhibit.

DCN: 08201612163218601492780100    Received Date:12/16/2016

| | |
|---|---|
| White Mountain Regional | $ 7,403.48 |
| White Mountain Regional (Physical Therapy) | $ 1,417.02 |
| White Mountain Regional (Chiropractor) | $ 2,040.00 |
| Northern Arizona Orthopedics | $   458.00 |
| Total | $11,318.50 |

### FUTURE PAIN, SUFFERING AND MEDICAL EXPENSE

It is reasonably probable that Don will continue to suffer occasional pain and incur at least the expense of over-the-counter pain medications and physical therapy/chiropractic care for the duration of his 15.61 year life expectancy.

### PAST DISABILITY

Don suffered a significant diminution in his ability to perform every day activities.  Don loved to walk, visit friends and family, and he loved traveling. He has been severely limited in enjoying these activities. This accident has had a significant negative impact on Don's quality of life.

### CONCLUSION

The value of this claim is enhanced because of the aggravated nature of the underinsured motorist's negligence. The adverse driver not only drove while intoxicated, but then left the scene of the accident. She was charged with both DUI and Extreme DUI.  Even though UIM coverage excludes punitive damages, it includes the fair value of Don's claim for compensatory damages and that value will be enhanced in juror's minds by the aggravated nature of the underinsured motorist's negligence.

Policy limits in the amount of $15,000.00 were obtained from the adverse driver's insurance company. Verification of his policy limits are attached.

Don is willing to settle his underinsured motorist claim for $85000.00.

Please review this entire brochure and advise whether the

DCN: 0820161216321860149278010Ø    Received Date:12/16/2016

matter can be resolved on that basis. Thank you very much.

Yours very truly,

THE PORTER LAW OFFICES, P.C.

G. Terris Porter
For the firm

GTP
Encls.























DGN: 08201612163218601492780110    Received Date:12/16/2016











# EXHIBIT B

1  The PORTER LAW OFFICES, P.C.
   P.O. Box 763
2  Lakeside, Arizona 85929
   Telephone: 928-242-1098
3  porterlaw@frontiernet.net

4  G. TERRIS PORTER - #0039493
   Attorney for
5                Plaintiff

CONFORMED
COPY OF ORIGINAL FILING

MAY 25 2017

NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF NAVAJO

10                              )
11  JERRY D. MUIR              )    Case No. CV201711)28()
                Plaintiff,     )
12                             )
                               )
13      vs.                    )    COMPLAINT
                               )    Breach of Contract
14  SAFECO INSURANCE COMPANY   )
    OF AMERICA                 )
15               Defendant.    )
                               )
16  ──────────────────────────

17

18          Plaintiff Jerry D. Muir for his cause of action against

19  Defendant  Safeco  Insurance  Company  of  America  ('Defendant')

20  complains and alleges:

21              ALLEGATIONS APPLICABLE TO ALL COUNTS

22          1. Plaintiff is an individual resident of Navajo County

23  Arizona.

24          2. Plaintiff is informed and believes and therefore

25  alleges  that  Defendant  Safeco  Insurance  Company  of  America

26

27                              1

28

('Defendant') is a Corporation / Insurance Company doing business in Arizona.

3.  The Insurance contract out of which the causes of action alleged herein was entered into and was for performance in Navajo county, Arizona.  The Motor vehicle collision giving rise to the causes of action herein alleged occurred in Arizona.

4.  As of May 27, 2015 Plaintiff was the insured under a policy of Automobile liability Insurance in which Defendant was Insurer, which insurance policy covered Plaintiff's 2005 Cadillac Licence# AWW8032 ('insured vehicle') and which insurance policy included underinsured motorist coverage. ('the subject insurance policy')

4.  On or about May 27, 2015 Plaintiff was driving his insured vehicle when an underinsured motorist crashed into Plaintiff's insured vehicle.

5.  In connection with the occurrence alleged in the foregoing paragraph The underinsured motorist committed negligent acts or made negligent omissions, including, without limitation, crashing into the rear of Plaintiff's vehicle while driving under the influence of alcohol and/or drugs in violation of A.R.S. sec. 28-1381.

6.  As a proximate result of the negligent acts and/or

2

1   omissions of the underinsured motorist as above alleged, Plaintiff
2   suffered or incurred and is informed and believes, and therefore
3   alleges that he will in the future suffer or incur the following
4
5   damages:   Property loss; Personal injury; Past medical expenses;
6   Future medical expenses; Past loss of wages or earnings; Past pain,
7   suffering, loss of pleasure and other general damages; Future pain,
8   suffering, loss of pleasure and other general damages; Loss of
9   earning capacity and Permanent injury
10
11          7. The amount of the above alleged damages is as will be
12   shown by the evidence, but in, excess of the policy limits of the
13   underinsured motorist plus the arbitration threshhold of this court
14   exclusive of interest and costs.
15
16          8.  Plaintiff  is  informed  and  believes  and  therefore
17   alleges   that   the   negligent   acts   and   or   omissions   of   the
18   underinsured  motorist,  above  alleged,  amounted  to  a  reckless
19   disregard  for  the  interests  of  others  and  particularly  the
20   interests of Plaintiff; that said reckless and gross negligent acts
21   and/or omissions resulted in the injuries and damage to Plaintiff
22   as  alleged  in  this  complaint  and  that  Plaintiff  was  therefore
23   entitled to punitive damages.
24
25          9.   The  policy  limits  of  the  negligent  underinsured
26   motorist's automobile liability insurance policy ($15,000.00) ("the
27
28                                  3

1   underinsured motorist's liability coverage') was paid to Plaintiff

2   but that payment did not fully compensate Plaintiff for damages

3   which the uninsured motorist had caused him and for which she was

4

5   liable and which Defendant had agreed to pay under the underinsured

6   motorist provisions of the subject insurance policy.

7       10.     Plaintiff made claim against Defendant for

8   underinsured motorist benefits under the subject insurance policy

9   and asked defendant for a copy of the subject insurance policy but

10  has not been provided with a copy of the policy and has not been

11  paid for the amount of his damages which exceeds the policy limits

12  of the underinsured motorist's auto liability insurance coverage.

13

14      11.     Plaintiff is entitled to payment from Defendant

15  under the terms of the subject insurance policy for the damages he

16  has suffered in excess of the policy limits of the underinsured

17  motorist's liability insurance ('the underinsured motorist

18  insurance entitlement').

19

20              Count I - Breach of Contract

21

22      12. Plaintiff re-alleges the allegations of paragraphs 1

23  - 11 above.

24      WHEREFORE:   Plaintiff requests judgement against

25  Defendant as follows:

26      A.  For compensatory damages in an amount just and

27                          4

28

reasonable in light of the evidence, but in excess of the arbitration threshold of this court exclusive of interest and costs to compensate Plaintiff for the damages incurred or suffered by him, the reasonable compensation for which is in excess of the underinsured motorist's liability coverage.

B. For Plaintiff's costs incurred in this action; and

C. For such other and further relief as the court deems just and proper.

Count II - First Party Bad Faith

13. Plaintiff re-alleges the allegations of paragraphs 1-11 above.

14. Defendant is estopped from claiming any failure to comply with claims procedures which Plaintiff could have complied with if he had been able to obtain a copy of the subject insurance policy.

WHEREFORE: Plaintiff requests judgement against Defendant as follows:

A. For compensatory damages in an amount just and reasonable in light of the evidence, but in excess of the arbitration threshold of this court exclusive of interest and costs to compensate Plaintiff for the damages incurred or suffered by him; the reasonable compensation for which is in excess of the

5

1  underinsured motorist's liability coverage.

2      B. For Plaintiff's costs incurred in this action; and

3      C. For such other and further relief as the court deems

4  just and proper.

5

6      Dated: May 25, 2017.

7                              THE PORTER LAW OFFICES, P.C.

8

9

10 by

   G. Terris Porter
11   P.O. Box 763
   Lakeside, Arizona 85929
12   Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              6

# EXHIBIT C



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 16793400**
**Date Processed: 06/22/2017**

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number 2781189 |
| **Entity Served:** | Safeco Insurance Company of America |
| **Title of Action:** | Jerry D. Muir vs. Safeco Insurance Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Navajo County Superior Court, Arizona |
| **Case/Reference No:** | CV201700280 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 06/22/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Liberty Mutual on 06/21/2017 |
| **How Served:** | Client Direct |
| Sender Information: | G. Terris Porter<br>928-242-1098 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT D

1

**The PORTER LAW OFFICES, P.C.**
   P.O. Box 763
2   Lakeside, Arizona 85929
   Telephone: 928-242-1098
3   *porterlaw@frontiernet.net*

4  G. TERRIS PORTER - #0039493
   *Attorney for*
5                        Plaintiff

**H.O. LEGAL**

JUN 2 1 2017

*A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON*

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF NAVAJO

10  JERRY D. MUIR                    )
11                    Plaintiff,     )     Case No. CV 2017 10378
12        vs.                        )
13                                   )
14  SAFECO INSURANCE COMPANY         )
    OF AMERICA                       )
15                    Defendant.     )

16

17                            SUMMONS

18  THE STATE OF ARIZONA TO:

19       SAFECO INSURANCE COMPANY OF AMERICA ,

20

21       YOU ARE HEREBY SUMMONED and required to appear and defend within the

22  time applicable, in this action and this Court.  If served within Arizona, you shall appear and

23  defend within twenty (20) days after the service of the Summons and Complaint or Petition upon

24  you, exclusive of the day of service.  If served outside Arizona - whether by direct service, by

25  registered or certified mail, or by publication - you shall appear and defend within thirty (30) days

26

27

28

1  after the service of the Summons and Complaint or Petition upon you is complete, exclusive of

2  the day of service.

3
4          YOU ARE HEREBY NOTIFIED that if you fail to appear and defend within the

5  time applicable, judgment by default may be rendered against you for the relief demanded in the

6  Complaint or Petition.

7          YOU ARE CAUTIONED that in order to appear and defend, you must file an

8  Answer or Response in writing with the Clerk of this Court, accompanied by the necessary filing

9
10 fee, within the time required, and you are required to serve a copy of any Answer or Response

11 upon the Attorney for Plaintiff or Petitioner.

12         The name and address of the attorney for the Plaintiff or Petitioner is:

13                    G. TERRIS PORTER
                  THE PORTER LAW OFFICES P.C.
14                       P.O. Box 763
                    LAKESIDE, ARIZONA 85929
15

16    REQUESTS FOR REASONABLE ACCOMMODATIONS FOR PERSONS WITH

17 DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST 3 WORKING

18 DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

19 SIGNED AND SEALED THIS DATE _MAY 25 2017_

20

21

22              DEANNE M. ROMO

23         _____
              Clerk
24
       By: _____
25            Deputy Clerk

26

27

28

# EXHIBIT E

1
*The PORTER LAW OFFICES, P.C.*
    P.O. Box 763
2   Lakeside, Arizona 85929
    Telephone: 928-242-1098
3   *porterlaw@frontiernet.net*
4   G. TERRIS PORTER - #0039493
    *Attorney for*                    Plaintiff
5

6

7               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                   IN AND FOR THE COUNTY OF NAVAJO

9   JERRY D. MUIR                        )
10                                       )   Case No. CV00HUD98D
                Plaintiff,               )
11                                       )
        vs.                              )
12                                       )
13  SAFECO INSURANCE COMPANY             )
    OF AMERICA                           )
14              Defendant                )
15  _____     )

16

17              **CERTIFICATE REGARDING ARBITRATION**

18      The undersigned certifies that the largest award sought by the Plaintiff Jerry D. Muir in the

19  above-captioned action, including punitive damages but excluding interest, attorney's fees and costs,

20  does exceed the limits set by the local rule for compulsory arbitration of the above-captioned County.

21  This case is not subject to the Uniform Rules of Procedure for Arbitration.

22      Dated this 3⁻ day of May, 2017.

23

24                              THE PORTER LAW OFFICES, P.C.

25                          By: _____
                                G. Terris Porter
26                              P.O. Box 763
                                Lakeside, AZ 85929
27                              (928) 242-1098

28

CONFORMED
COPY OF ORIGINAL FILING

MAY 25 2017

NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK